IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:24-cr-155(4) |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| CARL CAMPBELL, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter again comes before this Court on Defendant Carl Campbell's Motion to Continue trial currently scheduled for December 15, 2025. (ECF No. 111). This Court previously denied this unopposed Motion on November 24, 2025, given that three prior continuances had been granted in this case, and in light of the public's interest in "'the prompt disposition of criminal cases.'" (ECF No. 113 at 1–2) (quoting Fed. R. Crim. P. 50 advisory committee's note to the 1972 amendment). However, upon the parties' renewed request, and for the reasons set forth below, the Court **VACATES** the current trial date and related deadlines and **CONTINUES** trial until **Monday, March 9, 2026 at 9:00 a.m.**

**I.    BACKGROUND**

On October 15, 2024, a federal grand jury returned a 25-count Indictment against five defendants, including Defendant Carl Campbell. Campbell was charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(i), and 841(b)(1)(A)(iv), as well as Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 8 at 1–4). Other defendants were charged alongside Campbell for these offenses, as well as for substantive counts of money

laundering, for which Campbell was not charged. (*Id.* at 4–8). Campbell was arraigned on October 21, 2025, and released on his own recognizance. (ECF Nos. 31; 28).

On November 19, 2024, Campbell and the Government jointly moved to continue the trial date and related deadlines and to designate the case complex pursuant to the Speedy Trial Act of 1974. (ECF No. 49 at 1–3 (citing 18 U.S.C. §§ 3161(h)(7)(A); 3161(h)(7)(B)(i)–(ii)). In particular, the parties noted that the criminal allegations "span nearly a decade, include conduct . . . in several different states, and encompass complicated financial transactions underlying an alleged 25-million-dollar money laundering conspiracy." (*Id.* at 2). They also pointed out that discovery would be "voluminous and extensive." (*Id.*). This Court granted the parties' motion, designated this case complex for the purposes of the Speedy Trial Act, and continued trial to May 5, 2025. (ECF No. 54 at 3–4).

On February 21, 2025, Campbell and the Government again jointly moved to continue the trial date pursuant to the Speedy Trial Act, noting that the Government anticipated seeking a superseding indictment that would include additional charges and potentially add additional defendants. (ECF No. 67 at 2). The Government anticipated additional discovery would be forthcoming, given the likelihood that additional crimes or defendants would be charged. (*Id.*). This Court again granted the parties' motion, continuing trial to November 3, 2025. (ECF No. 68 at 1).

On August 8, 2025, Magistrate Judge Jolson determined that there was sufficient probable cause to find that Campbell had violated the conditions of his release—based on additional charges that Campbell incurred in Norfolk in July and August—and issued a warrant for his arrest. (*See* ECF No. 83). In light of Campbell's detention by the Commonwealth of Virginia for unrelated charges, this Court held a telephonic status conference with the Government and counsel for

2

Campbell on October 2, 2025, at which time both parties again requested a continuance of trial—this time seeking a continuance by oral motion due to Campbell's custody in Virginia and defense counsel's difficulty reaching him. The Court granted that continuance, as it was apparent that it would be unreasonable to expect adequate and effective preparation from defense counsel when defense counsel was unable to confer with the Defendant due to a separate prosecution. Therefore, the Court again rescheduled Campbell's trial, this time to take place on December 15, 2025. (ECF No. 97). The rescheduled trial would only be for Campbell, as the other defendants had reached plea agreements in September and October. (ECF Nos. 92; 98; 100; 104). Given the uncertainty surrounding Campbell's custody, the Court also requested that the parties work diligently to clarify the status of the Commonwealth of Virginia's prosecution, so that they could ensure that the Virginia prosecution would not hinder this Court's December trial date.

Apparently, this was not successful. Instead, on November 18, 2025, Campbell moved for a fourth continuance of trial, seeking to waive his speedy trial rights under 18 U.S.C. § 3161. (ECF No. 111 at 2). Campbell's counsel argued that he needed "additional time to discuss discovery with [Campbell] and explore a resolution of [the case]," and represented that Campbell's incarceration in Virginia "ha[d] completely hampered [Campbell's] counsel's ability to effectively represent [Campbell]," because their communications were "limited to relayed messages from Mr. Campbell's father," and Campbell's counsel had been unable to contact Campbell's local counsel in Virginia. (*Id.*). The Government did not oppose Campbell's additional requested continuance. (*Id.* at 1). On November 24, this Court issued an order denying the fourth requested continuance, observing that the parties had already sought and obtained three prior continuances providing them with an additional year of time, noting that the Virginia case was unrelated to this matter and arose after it, and determining that the public interest in prompt disposition of criminal cases outweighed

3

any interest the Defendant or Government might have in a further continuance. (ECF No. 113 at 1–2). The parties requested a telephonic status conference, which the Court held on November 25.

At that conference, the parties provided further context for their requested continuance. Defense counsel represented that even if this Court issued a writ of *habeas corpus ad prosequendum* to bring Campbell to the Southern District of Ohio, he feared that he would not have sufficient time to confer with his client, prepare a trial defense, or finalize a plea agreement. Defense counsel again requested a continuance to February or March 2026, and reiterated that the "voluminous" nature of the case, which had formed the basis for its earlier designation as complex, necessitated further time for the defense to review documents and discuss with Campbell. The Government agreed, noting that Campbell's detention in Virginia had stopped all progress the parties had been making toward a plea agreement.

## II. LEGAL STANDARD

The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74, provides that "[i]n any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days" from the latter of (1) the "filing date" of the indictment, or (2) the last co-defendant's first appearance before a judicial officer. 18 U.S.C. § 3161(c)(1); *see Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."). Within this seventy-day timeframe, the Act does provide for certain "categories of delay that are not counted in applying the Act's deadlines." *Zedner v. United States*, 547 U.S. 489, 500 (2006). The Court must exclude periods of delay "resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1). The Court may exclude delay "resulting from a continuance" upon determining "that the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

When granting an ends-of-justice continuance, a court "shall consider" a number of factors, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice," 18 U.S.C. § 3161(h)(7)(B)(i), and "[w]hether the case is . . . so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [prescribed] time limits," *id.* § 3161(h)(7)(B)(ii). Ultimately, whether the Court will grant such a continuance, along with the related decisions of whether to exclude periods of delay under the Speedy Trial Act, are matters entrusted to the sound discretion of the district court. *United States v. Triplett*, 2025 WL 1489173, at *3 (S.D. Ohio May 23, 2025) (Marbley, J.). An ends-of-justice continuance cannot be granted, however, "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

### III. LAW & ANALYSIS

Pursuant to 18 U.S.C. § 3161(h)(1), this Court determines that a substantial reason for the delay in this case since August 2025 has been due to other proceedings concerning Campbell. These months of delay are excludable from the requirements of the Speedy Trial Act. But even if that were not the case, pursuant 18 U.S.C. § 3161(h)(7)(A), this Court finds that the interests of justice outweigh the interests of the public and Campbell in a speedy trial, merited a continuance on October 2, and merit a further continuance for the present motion.

This Court previously designated this case as complex, observing that the allegations against the defendants, including Campbell, "span nearly a decade, include conduct alleged to have been committed in several different states, and encompass complicated financial transactions

5

underlying an alleged 25-million-dollar money laundering conspiracy." (ECF No. 68 at 3). And this Court has previously noted that this case's discovery is involved, which necessitates ensuring that defense counsel has sufficient time to review discovery, participate in meaningful plea negotiations, and prepare adequately for a fair trial. (*Id.*). Defense counsel's effective preparation for this case depends on his ability confer with Campbell in order to inform an understanding of discovery documents, strategize for a plea negotiation (if so desired), and prepare for trial. *Cf.* 18 U.S.C. § 3161(h)(7)(B)(i) (risk of miscarriage of justice is a factor); *id.* § 3161(h)(7)(B)(iv) (suggesting that "the failure to grant . . . a continuance" is a factor where it "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation" in cases not sufficiently complex to fall within § 3161(h)(7)(B)(ii)).

The Court first provides the background analysis that informed its grant of a continuance on October 2, before turning to the present Motion to Continue.

### A.  October 2, 2025 Continuance

The Court orally granted the parties' third motion for a continuance at the telephonic status conference on October 2, 2025, but did not previously set forth its analysis in writing. *See* 18 U.S.C. § 3161(h)(7)(A) (The Court must "set[] forth, . . . either orally or in writing, its reasons for" a continuance.). The opportunity to do so is now presented. For the avoidance of any doubt, the October 2 continuance was granted because "[a]ny period of delay resulting from other proceedings concerning the defendant" are periods of time which "shall be excluded in computing . . . the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h)(1); *accord United States v. Frady*, 2025 WL 2714535, at *1 (E.D. Tenn. Sept. 23, 2025) ("Courts interpret what constitute[s] a 'proceeding' under § 3161(h)(1) broadly."). Unquestionably, Campbell's detention by authorities in the Commonwealth of Virginia—which began in August

6

of 2025 in connection with a separate criminal proceeding in that state—delayed the continuance this Court had granted for a new trial date of November 3, 2025: for at least some amount of time in August, September, October, and November, Campbell was no longer free to communicate on his own schedule with his defense counsel in this case.

The October 2 continuance was also appropriate given the interests of justice, as any interest that Campbell or the public may have had in a speedy trial was certainly outweighed by the need to ensure that Campbell received adequate and effective preparation from his defense counsel, which would include the opportunity to confer prior to trial.[1]

### B. November 25, 2025 Continuance

Based on the representations of counsel for the Government and counsel for the defense at the October 2 conference, the Court was under the impression that no further continuances would be necessary. Thus, the Court denied defense counsel's unopposed motion for a fourth continuance on November 24, 2025. (ECF No. 113). Defense counsel's basis for another continuance was that he had been unable to contact his client or the attorney representing his client in the Commonwealth of Virginia. (*Id.* at 2). Defense counsel sought to waive his client's right to a speedy trial in seeking this continuance. (*Id.*). This Court denied the motion to continue, finding it insufficient to establish an ends-of-justice continuance given the number of previous

---

[1] "[T]he ends of justice served by [a continuance] outweigh[ed] the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), particularly where defense counsel was unable to confer with his client, such that his client could not expect adequate or effective preparation of the defense, and the proceeding would likely result in a miscarriage of justice, *id.* § 3161(h)(7)(B)(i); *accord id.* §§ 3161(h)(7)(B)(ii), (iv). The Court did not explicitly memorialize these reasons, but "accepted [the Government's and Campbell's] counsel's justification for a continuance, and [therefore] it need[ed] not deliver a detailed explanation of the factors in reaching this conclusion." *United States v. Philpot*, 2024 WL 3429177, at *4–5 (6th Cir. July 16, 2024); *see United States v. Adams*, 625 F.3d 371, 380 (7th Cir. 2010) ("[L]ack of express mention of the factors set forth in section 3161(h)(7)(B) [is not] fatal to the excludability of the continuances" where the Court "put on the record its reasons for finding the continuance warranted.").

continuances, the amount of time that defense counsel has had to prepare for this case, and the public's interest in prompt disposition of criminal cases. (ECF No. 113 at 1–2). The Government promptly sought another telephonic status conference to discuss the case, and the parties met on November 25. During that conference, the Government and counsel for the Defendant reiterated their request for a continuance of the trial date. Provided with further argument and information, this Court reconsiders a fourth continuance of the trial date.

As a threshold matter, this Court observes that Campbell's defense counsel "may not prospectively waive the application of the [Speedy Trial] Act" on behalf of his client. *Zedner*, 547 U.S. at 500. This was a chief basis of defense counsel's motion for a fourth continuance and is insufficient as a matter of law. The only other argument that defense counsel advanced was that further development in the Virginia case was necessary before this Court could "consider the appropriateness of securing Defendant's presence in the Southern District of Ohio via a writ." (ECF No. 111 at 2). That reasoning was also insufficient, as the Court stated in its November 24 Order. (ECF No. 113 at 2) (discussing comity and overlapping state-federal prosecutions). Both waiver and a later-in-time state prosecution are insufficient to overcome the Speedy Trial Act or the "great deal of latitude" that this Court has in managing its docket and scheduling trials. *Morris v. Slappy*, 461 U.S. 1, 11 (1983).

However, at the November 25 conference, it became apparent that no substantive progress had been made in ensuring that the Virginia case would not conflict with the December 15 trial date. Thus, the Court must conclude that this period of time is still excludable as delay resulting from the Virginia proceeding. 18 U.S.C. § 3161(h)(1).

Moreover, even if it were not excludable under § 3161(h)(1), it would also necessitate an ends-of-justice continuance under § 3161(h)(7)(A), because ensuring that Campbell can confer

8

with his defense counsel and can adequately and effectively prepare his defense is essential to avoid a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i), (ii); *see also id.* § 3161(h)(7)(B)(iv). Hence, under these circumstances, the Court provides yet another continuance to defense counsel to ensure that the defense is prepared at trial. Though the Speedy Trial Act "does not permit delay by the prosecution if it is unprepared, it gives grace to defense counsel." *United States v. Philpot*, 2024 WL 3429177, at *7 (6th Cir. July 16, 2024).

## IV. CONCLUSION

For the foregoing reasons, the Court **VACATES** the current trial date and related deadlines, and **CONTINUES** trial until **Monday, March 9, 2026, at 9:00 a.m.** A separate trial scheduling order will follow.

Counsel for the Defendant and counsel for the Government are reminded that they are still **ORDERED** to notify promptly the Court as to the individual or party presently maintaining custody of Carl Campbell so that this Court will be prepared to issue a writ of *habeas corpus ad prosequendum* as soon as necessary. (*See* ECF No. 113 at 2). Counsel for the Defendant is **FURTHER ORDERED** to promptly notify this Court, including by calling the Court's Law Clerk, Mr. Maxwell Potluri, at 614-719-3260, should he determine at any point in time that he is at risk of having insufficient time to confer with his client in preparation for the March 9 trial date.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 26, 2025**